UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER H. HANSEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA NIEVES, et al., <br><br> Defendants. | 2:08-CV-479 JCM (RJJ) |

**ORDER**

Presently before the court is defendant Las Vegas Metropolitan Police Department's (hereinafter "LVMP") motion for attorney fees. (Doc. #82). Plaintiffs Christopher H. Hansen, Whitney F. Hansen, Dawn E. Hansen, and Joshua Hansen, have failed to file an opposition.

This court granted defendant LVMP's motion for summary judgment on August 6, 2010. (Doc. # 78). LVMP filed a bill of costs (doc. #80) on August 10, 2010, and the clerk of the court entered a final judgment (doc. #81) on August 12, 2010. Subsequently, LVMP filed this motion for attorney fees (doc. #82) pursuant to 42 U.S.C. §1988, claiming the fees are appropriate due to the bad faith grounds upon which the plaintiffs based their claims.

Under 42 U.S.C. §1988, "the court, in its discretion, may allow the prevailing party... a reasonable attorney fee as part of the cost." Further, the court in *Hensley v. Eckerhart,* 461 U.S. 424, 429, N.2 1983, held that in a civil action, a defendant may recover attorney fees "when the suit is vexatious, frivolous, or brought to harass or embarrass defendants."

Plaintiffs' complaint stemmed from alleged Constitutional violations that occurred nearly three years ago, during an incident where officers of the LVMP were called to the plaintiffs' home.

**James C. Mahan**
**U.S. District Judge**

The plaintiffs alleged that officers violated their rights to free speech, to bear arms, to be free from unlawful search and seizure, to due process, to counsel, and to due process and equal protection. In addition, plaintiffs alleged claims under the Health Insurance Portability and Accountability Act (hereinafter "HIPAA"), and conspiracy claims under 42 U.S.C. § 1985 and 1986. As evidenced by the plaintiffs' own admissions, each and every one of these claims was without merit.

The defendant LVMP demonstrated, that from the time the plaintiffs filed their complaint, and all through the discovery process, the plaintiffs either altered the "facts" in order to meet necessary elements of the causes of action in their complaint, or blatantly lied about the incident at issue. Beyond that, claims were even brought by a plaintiff whom wasn't present at the time of the alleged incident.

Further, defendant's counsel was forced to conduct discovery with regards to the claims under HIPAA and 42 U.S.C. § 1985 and 1986, when neither even remotely apply to the case. Even though the plaintiffs are not a protected class as required under 42 U.S.C. § 1985 and 1986, and LVMP is not a public health care provider, which would subject it to HIPAA, the plaintiffs continued to 'vigorously' and "aggressively pursue these groundless...claims." Therefore, it is apparent that plaintiffs clearly disregarded the need for claims to be legally and factually supported.

As defendant LVMP asserts in its motion, the plaintiffs caused the defendants to "incur significant unnecessary fees and costs," by requiring it to attend "irrelevant depositions," answer "ridiculous discovery," and research frivolous claims, that would not have been present had the plaintiffs brought their claims in good faith.

As required by Local Rule 54-16(c), defendant LVMP attached an affidavit of counsel (doc. #82-1), where defense counsel attested to the amount of attorney's fees that the present litigation incurred. Counsel asserted that he spent "approximately 450 hours litigating this case," and that his hourly rate ranged form "$190 to $210 per hour." Further, he maintained that the plaintiffs' conduct throughout the litigation demanded a considerable amount of extra work, and precluded him from performing work for other clients. Therefore, he asserts that the total reasonable amount of attorney fees is $90,380.99.

In light of the above findings that the plaintiffs filed numerous frivolous and groundless claims, which ultimately ended in a summary judgment against them, this court is inclined to award defendant LVMP reasonable attorney fees. In addition, this court notes that due to the plaintiffs' failure to file an opposition, under Local Rule 54-16(e), "the court may grant the motion [for attorney's fees]." However, in 54-16(b)(1) and (2), the local rules require that a party's motion for attorney's fees must include "[a] reasonable itemization and description of the work performed," and "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through LR 54-15." Absent the inclusion of these itemizations, this court is not willing to grant the motion for attorney's fees.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant LVMP's motion for attorneys' fees in the amount of $90,380.99 (doc. #82), be and the same hereby is, DENIED.

DATED September 27, 2010.

_____
UNITED STATES DISTRICT JUDGE